The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 08 2010**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-36108 |
| | ) | |
| Roberta A. Okorowski, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## <u>MEMORANDUM OF DECISION AND ORDER</u>

This case is before the court on the United States Trustee's motion to dismiss for abuse brought under 11 U.S.C. § 707(b)(2) and (b)(3), [Doc. # 14], and Debtor's response [Doc. # 25]. A hearing was held that Debtor, Debtor's counsel and counsel for the United States Trustee ("UST") attended in person and at which the parties had the opportunity to present testimony and evidence in support of their positions. The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine a motion to dismiss a case under § 707(b) are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(J) and (O).

Having considered the briefs and the arguments of counsel as well as testimony and evidence offered by the parties, for the reasons that follow, the court will grant the UST's motion and will dismiss Debtor's Chapter 7 case unless she timely converts it to a case under Chapter 13.

## BACKGROUND

Debtor is single and lives with her life partner of twenty-eight years. On September 3, 2009, she filed a petition for relief under Chapter 7 of the Bankruptcy Code, listing primarily consumer debts. As required under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), she completed and filed with her petition Official Form B22A, Statement of Current Monthly Income and Means Test Calculation. *See* 11 U.S.C. § 707(b)(2)(C). She subsequently submitted an amended Form B22A as an attachment to her response to the UST's motion to dismiss. [Doc. #25]. In her amended means test calculation, she reports total current monthly income ("CMI"), as that term is defined in 11 U.S.C. § 101(10A), in the amount of $6,357.05, which is above the median family income in Ohio for a household the size of Debtor's. Debtor's amended means test calculation includes deductions totaling $6,292.65.[1] Her total deductions include a deduction on line 25 for income taxes, social security taxes and Medicare taxes in the total amount of $2,054.03 and a deduction on line 26 in the amount of $95.19 for "involuntary deductions for employment." In light of Debtor's calculations, she reports monthly disposable income in the amount of $64.40. She therefore indicates that a presumption of abuse under § 707(b)(2) does not arise.

The UST disagrees, arguing that Debtor overstates her taxes and involuntary deductions for employment on lines 25 and 26 of the means test form and that, if these amounts are properly calculated, a presumption of abuse arises under the statute. In support of his position, the UST offers the testimony of bankruptcy analyst Catherine Lowman. Lowman testified that the $2,054.03 deducted on line 25 of Debtor's means test form as an expense for social security, Medicare, and income taxes represents the amounts withheld from Debtor's pay for these expenses. Lowman testified that Debtor's actual taxes paid are properly determined by subtracting from the $2,054.05 monthly payroll tax withholding the monthly average of her income tax refund, which she calculates at $245.92, for a total monthly tax expense of $1,808.11. This calculation is based on the 2008 federal income tax refund received by Debtor in the amount of $2,951 ($2951 ÷ 12=$245.92). Lowman testified that Debtor's 2009 income tax refund will likely be similar in amount to her 2008 refund since Debtor has reaffirmed her mortgage debt and is able to continue to take advantage of deductions on her federal income tax return for, among other things, her mortgage interest and property tax expenses.

In support of his motion to dismiss, the United States Trustee also contends that the amount set forth on line 26 as expenses for "involuntary deductions for employment," which include union dues and

---

[1] The only change made in Debtor's amended Form B22A is the inclusion of a $100 deduction on line 40 for "continued charitable deductions."

2

retirement contributions required for employment, are overstated.[2]  At the hearing, Debtor agreed that her Schedule I incorrectly states that her union dues expense is $121.77 and that her actual expense is only $60.88 per month.  Because Debtor's deduction on line 26 of the means test is $95.19, Lowman testified that  amount is overstated by $34.31.

Although the UST also argues under § 707(b)(3) that the totality of the circumstances of Debtor's financial situation demonstrates abuse, because the court agrees that a presumption of abuse arises in this case, it does not address the § 707(b)(3) argument. The UST bears the burden of proof on the  motion. *In re Wright*, 364 B.R. 640, 643 (Bankr. N. D. Ohio 2007).

<u>**LAW AND ANALYSIS**</u>

Section 707(b)(1) provides that the court, after notice and a hearing, "may dismiss a case filed by an individual debtor under [Chapter 7] whose debts are primarily consumer debts ... if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]."  Under § 707(b)(2) and (3), Congress provided two methods by which a party may prove abuse.  Section 707(b)(2)(A) sets forth an extensive "means test" calculation to determine whether there is a presumption of abuse.  The means test calculation requires a debtor to subtract certain allowed deductions from the debtor's CMI.  A presumption of abuse exists if the resulting amount, multiplied by sixty, is not less than the lesser of

> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
> (II) $10,950.

11 U.S.C. § 707(b)(2)(A)(i).  Where the means test calculation results in sufficient disposable income such that a presumption of abuse arises, a debtor may rebut that presumption by demonstrating "special circumstances" as set forth in § 707(b)(2)(B).

Section 707(b)(2)(A)(ii) sets forth  permissible deductions from current monthly income to determine whether a presumption of abuse arises. That section provides in relevant part as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides. . . .

11 U.S.C. § 707(b)(2)(A)(ii)(I). Debtor's tax expense and involuntary deductions for employment fall under "Other Necessary Expenses" in calculating deductions under the means test.  Therefore, as

---

[2]  In his motion, the UST also disputes Debtor's deductions on the means test for vehicle ownership expenses for two vehicles.  However, the UST did not pursue, and therefore abandoned, this argument at the hearing.

3

§ 707(b)(2)(A)(ii)(I) specifies, and as incorporated on line 25 of the Form B22A,[3] only her actual tax expense and involuntary deductions for employment are permitted as a deduction.

Although Lowman testified that Debtor's line 26 deduction for involuntary deductions for employment is overstated, the evidence is insufficient to so conclude. While it is true that Debtor's $121 union dues expense is overstated on Schedule I, her stated deduction on line 26 of the means test form is only $95.19. A line 26 deduction may include not only union dues but also other involuntary employment expenses, including retirement contributions. Debtor's pay advices show a biweekly deduction that appears to be a retirement contribution in the amount of $17.17. There was no testimony at the hearing as to how Debtor calculated the amount that she set forth on line 26 or that the calculation was based only on her union dues expense. To the extent the deduction on line 26 includes not only her union dues but also retirement contributions, the deduction is not overstated.

Nevertheless, the court credits Lowman's unrebutted testimony regarding the proper calculation of Debtor's payroll tax expense on line 25 of the means test form. Other bankruptcy courts have interpreted this permitted deduction in both Chapter 7 cases and Chapter 13 cases. While courts recognize that computation of this amount can be difficult because actual tax liability is not determined until the future, and do not agree precisely on the methodology that should be used to do so, *In re Woodruff*, 316 B.R. 369, 372 (Bankr. D. Mass. 2009), consensus has emerged on two principles to guide application of the statute. First, courts generally agree that the amount a debtor has withheld from her paycheck is not necessarily the amount of taxes "actually incurred." *E.g., In re Lipford,* 397 B.R. 320, 334 (Bankr. M.D.N.C. 2008). *But see, e.g., In re Raybon*, 364 B.R. 587, 590-91, n.6 (Bankr. D.S.C. 2007)(court permits a Chapter 13 debtor to list the amount withheld, even if that sum would result in a refund, as long as some or all of the refund is dedicated to the plan). Courts reason that income tax withholding is not the same as actual tax liability, and can be manipulated by taxpayers for whatever reason to produce excess withholding and a refund. Second, practical computation difficulties notwithstanding, debtors must make their best effort to estimate their actual tax expense to determine CMI properly. *E.g., In re Lawson*, 361 B.R. 215, 223 (Bankr. D. Utah 2007).

Other courts have approved the estimation method applied by Lowman where, as here, there is a history of tax refunds. *E.g., In re Barbour*, Case No. 09-00553-8-RDD, 2009 Bankr. LEXIS 3006, *15-*16,

---

[3]Line 25 of Form 22A allows a debtor to fill in a deduction for "the total average monthly expenses that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes."

4

2009 WL 3053697, *6 (Bankr. E.D.N.C. Sept. 18, 2009)("Determining the appropriate tax rate can be accomplished by subtracting one-twelfth of the previous years tax refunds from the average monthly taxes withheld"). The court finds this method appropriate in this case to meet the statutory requirement that "actual" tax expenses are a permitted deduction from CMI in this category. Based on the similarity of Debtor's financial circumstances in 2008 and 2009 regarding her income and factors leading to available income tax deductions, such as for her mortgage interest expense and real property taxes, Debtor's indicated line 25 tax expense overstates her probable "actual " tax expense during the CMI period. Debtor's stated payroll tax expense of $2,054.03 on line 25 is overstated by $245.92 (1/12 of her 2008 tax refund), apparently due to Debtor reporting the amount withheld from her pay rather than her actual tax liability. Adding the $245.92 amount by which the line 25 deduction is overstated to Debtor's monthly disposable income of $64.40 reported in her amended Form B22A results in monthly disposable income of $310.32, or $18,619.20 over a sixty-month period. Thus, the court finds a presumption of abuse arises and Debtor has demonstrated no special circumstances rebutting that presumption.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor is allowed twenty-eight (28) days from the date of this order to file a motion to convert to a Chapter 13 case, absent which the United States Trustee's motion to dismiss [Doc. # 14] will be granted, and this case will be dismissed by separate order of the court.

5